JOSEPH A. SOUKUP v. CITY OF NEW PRAGUE AND
OTHERS.[1]

December 19, 1924.

No. 24,322.

**Street improvement restrained because not asked for by statutory percentage of abutters.**

The proceeding for the improvement of a street was based upon a petition not signed by the requisite percentage of abutting owners. The improvement should be enjoined.

Action in the district court for Scott county to restrain defendants from proceeding with a contract to improve a certain street in defendant city. The case was tried before Tifft, J., who dismissed the action on the merits. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*George F. Sullivan*, for appellant.

*Charles C. Kolars, E. W. Komarek*, City Attorney, and *L. H. Ostrander*, for respondents.

DIBELL, J.

Action by the plaintiff, a citizen and taxpayer of the city of New Prague, owning property fronting upon a street proposed to be improved against the city of New Prague and others, to enjoin the improvement upon the ground that the requisite percentage of the abutting owners did not join in the petition. There were findings for the defendants and the plaintiff appeals from an order denying his motion for a new trial.

On June 11, 1923, a petition was presented to the common council asking that all "paving on said Main street be ordered in and a contract for said work let as soon as possible if cost of same is reasonable and satisfactory to your petitioners." The council designated June 25, 1923, as the time for hearing and gave notice

[1]Reported in 201 N. W. 604.

by publication in the official paper on June 14 and June 21. This notice was not "published for two weeks" as required by L. 1919, p. 62, c. 65, § 3. However, the council met and adopted a resolution authorizing certain engineers to prepare plans and specifications, which were adopted on July 16, 1923. Nothing further was done until 1924, except that on December 14, 1923, a resolution was adopted authorizing a designated person "to take care of the legal proceedings in connection with the paving."

On January 7, 1924, a second petition was presented for the paving of "that part of Main street extending from the intersection of Columbus and Park avenues to and ending at Washington avenue on said street." A petition must include "twenty-five per cent of the property owners abutting upon any street." L. 1921, p. 648, c. 419. This petition did not have the requisite percentage. A notice, not referring specifically to either petition, was published, and a hearing had on January 28, 1924, when the council ordered the improvement, and adopted the plans and specifications to which we have referred before.

The proceedings can be sustained only upon the ground that the action taken by the council in the early part of 1924 is referable to the first petition. We note that the description in the second petition is definite. That in the first was uncertain. The first petition left it uncertain whether an improvement would be made. It depended upon the price being "reasonable and satisfactory to your petitioners." The second petition was definite. The order for the improvement adopted the description of this petition. The proceedings in 1924 must be held referable to the January 7 petition, which fails for want of sufficient signers. The proceedings in 1924, refer to none of the earlier proceedings, except the plans of the engineers. That does not indicate that the June 11, 1923, petition was the one upon which the proceeding was based rather than the more recent one of January 7, 1924. The second petition is the basis of the proceeding before us. Reaching this conclusion an inquiry whether the first petition was sufficiently signed, which largely engaged the attention of counsel, is unnecessary of decision.

Order reversed.